## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DAVID BUTLER,

                    Petitioner,                        Case Number: 2:10-CV-13163

v.                                        HONORABLE NANCY G. EDMUNDS

KENNETH MCKEE,

                    Respondent.

_____/

## ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING HABEAS CORPUS PETITION AND DENYING CERTIFICATE OF APPEALABILITY

Michigan state prisoner David Butler filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his conviction for armed robbery. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Because the petition was not timely filed, the Court grants the motion.

### I. Background

Following a jury trial in Macomb County Circuit Court, Petitioner was convicted of armed robbery. On December 18, 2003, he was sentenced as a fourth habitual offender to twenty-five to forty-five years in prison.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his conviction, *People v. Butler*, No. 253181, 2005 WL 857245 (Mich. Ct. App. Apr. 14, 2005), and the Michigan Supreme Court denied

Petitioner's application for leave to appeal. *People v. Butler*, 474 Mich. 873 (2003).

On November 21, 2006, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion and Petitioner's subsequent motion for reconsideration. *People v. Butler*, No. 2002-3704-FC (Macomb County Circuit Court Dec. 26, 2006 & Jan. 19, 2007). Petitioner filed an application for leave to appeal the trial court's decision in the Michigan Court of Appeals. The Michigan Court of Appeals denied leave to appeal. *People v. Butler*, No. 283134 (Mich. Ct. App. May 1, 2008). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal, *People v. Butler*, 482 Mich. 1031 (Mich. 2008), and denied a subsequent motion for reconsideration. *People v. Butler*, 483 Mich. 897 (Mich. 2009).

On March 3, 2009, Petitioner filed a petition for a writ of habeas corpus in this Court. On April 14, 2009, the Court granted Petitioner's motion to hold the proceedings in abeyance so that Petitioner could return to state court and file a second motion for relief from judgment. *See Butler v. Booker*, No. 2:09-cv-10898.

On June 10, 2009, Petitioner filed a second motion for relief from judgment in the trial court. The trial court denied the motion on August 21, 2009. *People v. Butler*, No. 2002-3704-FC (Macomb County Circuit Court Aug. 21, 2009). Petitioner did not seek leave to appeal that decision.

On March 4, 2010, Petitioner filed a third motion for relief from judgment, which was also denied. *People v. Butler*, No. 2002-3704-FC (Macomb County Circuit Court

2

June 23, 2010).  Petitioner did not seek leave to appeal that decision.

Petitioner filed the pending habeas corpus petition on August 4, 2010.

## II.  Discussion

Respondent argues that the petition should be dismissed because it was not timely

filed.  A prisoner must file a federal habeas corpus petition within one year of the "date

on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year

limitations period does not begin to run until the time for filing a petition for a writ of

certiorari to the United States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 69,

694-95 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court

collateral review of a conviction does not count toward the limitations period.  28 U.S.C.

§ 2244(d)(2).  A properly filed application for state post-conviction relief, while tolling

the statute of limitations, does not serve to restart the limitations period.  *Vroman v.*

*Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner appealed his conviction first to the Michigan Court of

Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied

his application for leave to appeal on September 28, 2005.  Petitioner had ninety days

from that date to file a petition for writ of certiorari with the United States Supreme

Court, which he did not do.  Thus, his conviction became final on December 27, 2005,

when the time period for seeking certiorari expired.  *Bronaugh v. Ohio*, 235 F.3d 280, 283

(6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for

3

filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired).  The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions.  *Id.* at 285.  Accordingly, the limitations period commenced on December 28, 2005.  The limitations period continued to run, uninterrupted, until November 21, 2006, when Petitioner filed his first motion for relief from judgment in state court.  That motion, a properly filed motion for state-court collateral review, tolled the limitations period with thirty-six days remaining.  The limitations period resumed running on February 25, 2009, the day after the Michigan Supreme Court denied Petitioner's motion for reconsideration of its denial of Petitioner's application for leave to appeal.

Petitioner filed his first habeas corpus petition on March 3, 2009.  Although the one-year limitations is not statutorily tolled during the pendency of a habeas corpus petition, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), it may be equitably tolled during that time period.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).  For the purpose of this analysis, the Court will assume that Petitioner is entitled to equitable tolling of the limitations period during the pendency of his first habeas petition.  That petition was stayed and the matter administratively closed on April 14, 2009.  Petitioner did not seek leave to reopen that proceeding, presumably because he failed to comply with the conditions of the stay.  Thus, the limitations period is equitably tolled from March 3, 2009 through April 14, 2009.

4

The limitations period, of which twenty-nine days now remained, was again tolled when Petitioner filed his second motion for relief from judgment in the trial court on June 10, 2009.  The motion was denied on August 21, 2009.  Petitioner did not seek leave to appeal that decision.  The limitations period, therefore, resumed running on August 22, 2009.  It continued to run, uninterrupted, until it expired on September 19, 2009.  Petitioner's second habeas petition was filed on August 4, 2010, nearly one year after expiration of the limitations period.

A credible claim of actual innocence may also justify equitable tolling in certain circumstances.  *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Robertson*, 624 F.3d at 784.  Petitioner argues that he is actually innocent of the armed robbery.  To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim."  *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596.  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial."  *Schlup*, 513 U.S. at 324.  "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case."  *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted).  A

court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*, 513 U.S. at 329). This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

Petitioner presents no new reliable evidence in light of which it is more likely than not that no reasonable juror would find him guilty beyond a reasonable doubt. Therefore, his petition is untimely.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §

2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period and that equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #9] is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

7

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  May 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager